UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
In re                                                            : Chapter 11
                                                                 :
NRG ENERGY, INC., et al.,                                        :
                                                                 : Case No. 03-13024 (PCB)
            Debtors.                                             :
                                                                 : (Jointly Administered)
                                                                 :
---------------------------------------------------------------- x
In re                                                            : Chapter 11
                                                                 :
LSP-NELSON ENERGY, LLC,                                          : Case No. 03-13652 (PCB)
                                                                 :
            Debtor.                                              :
                                                                 :
---------------------------------------------------------------- x
In re                                                            : Chapter 11
                                                                 :
NRG NELSON TURBINES LLC,                                         : Case No. 03-13653 (PCB)
                                                                 :
            Debtor.                                              :
                                                                 :
---------------------------------------------------------------- x

THIS ORDER APPLIES TO:

| X | All Debtors | ___ | NRG Power Marketing Inc. |
|---|---|---|---|
| ___ | NRG Energy, Inc. | ___ | NRG Capital LLC |
| ___ | Arthur Kill Power LLC | ___ | NRG Finance Company I LLC |
| ___ | Astoria Gas Turbine Power LLC | ___ | NRG Central U.S. LLC |
| ___ | Berrians I Gas Turbine Power LLC | ___ | NRG Eastern LLC |
| ___ | Big Cajun II Unit 4 LLC | ___ | NRGenerating Holdings (No. 23) B.V. |
| ___ | Connecticut Jet Power LLC | ___ | NRG New Roads Holdings LLC |
| ___ | Devon Power LLC | ___ | NRG Northeast Generating LLC |
| ___ | Dunkirk Power LLC | ___ | NRG South Central Generating LLC |
| ___ | Huntley Power LLC | ___ | Oswego Harbor Power LLC |
| ___ | Louisiana Generating LLC | ___ | Somerset Power LLC |
| ___ | Middletown Power LLC | ___ | South Central Generation Holding LLC |
| ___ | Montville Power LLC | ___ | Norwalk Power LLC |
| ___ | Northeast Generation Holding LLC | ___ | LSP-Nelson Energy, LLC |
| ___ | NRG Nelson Turbines LLC | ___ | NRG McClain LLC |

## ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 365 APPROVING KEY EMPLOYEE RETENTION AND SEVERANCE AGREEMENTS

This matter coming before the Court on the Motion for Order Pursuant to 11 U.S.C §§ 105, 363 and 365 Approving Key Employee Retention and Severance Agreements (the "Motion") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") on August 25, 2003; the Court having reviewed the Motion and having heard the

statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. Pursuant to sections 105(a), 363(b) and 365 of the Bankruptcy Code, the Debtors are authorized and empowered, but not directed, to assume and adopt the following retention plans and severance agreements (collectively, the "Retention and Severance Agreements"), each of which are attached as exhibits to, and more fully described in, the Motion: (i) the Senior Key Employee Retention Plan effective as of March 1, 2003 and as amended from time to time (the "SKERP"); (ii) the severance agreements with each of the six members of the Debtors senior management, as further identified in Exhibit A to the Motion (collectively, the "Severance Agreements"); (iii) the Key Employee Retention Plan effective as of August 1, 2002 and as amended from time to time (the "KERP"); and (iv) the Amended and Restated Key Executive Retention, Restructuring Bonus and Severance Agreement for Scott J. Davido, which was approved on August 5, 2003 (the "Davido Retention Agreement").

3. With respect to the SKERP, the Debtors are authorized and empowered to take such actions and make such payments, which payments on a postpetition basis shall not exceed $660,880 in the aggregate, pursuant to the terms and conditions of the SKERP, as may be necessary to effectuate this Order. Notwithstanding anything to the contrary in the SKERP, in order to be eligible for any payments under the SKERP on or after the date this Order is entered, the eligible participant under the SKERP must execute a general release of all claims (other than on account of future claims) against the Debtors in a form acceptable to the Debtors in their sole discretion.

4. With respect to the Severance Agreements, the Debtors are authorized and empowered to take such actions and make such payments, which payments on a postpetition basis shall not exceed $2,136,000 in the aggregate, pursuant to the terms and conditions of the respective Severance Agreement, as may be necessary to effectuate this Order. Notwithstanding anything to the contrary in the Severance Agreements for George Shaefer and John Brewster, in order to be eligible for any payments under their respective Severance Agreements on or after the date this Order is entered, the eligible participant must execute a general release of all claims against the Debtors in a form acceptable to the Debtors in their sole discretion.

5. With respect to the KERP, the Debtors are authorized and empowered to take such actions and make such payments, which payments on a postpetition basis shall not exceed $2,672,960 in the aggregate, pursuant to the terms and conditions of the KERP, as may be necessary to effectuate this Order. Notwithstanding anything to the contrary in the KERP, in order to be eligible for any payments under the KERP on or after the date this Order is entered, the eligible participant under the KERP must execute a general release of all claims (other than on account of future claims, except for those employees that are no longer employed by the Debtors, in which case such employees must execute a general release of all claims) against the Debtors in a form acceptable to the Debtors in their sole discretion.

6. With respect to the Davido Retention Agreement, the Debtors are authorized and empowered to take such actions and make such payments, which payments on a postpetition basis shall not exceed $2,651,020 in the aggregate, pursuant to the terms and conditions of the Davido Retention Agreement, as may be necessary to effectuate this Order.

7. Any employee that is otherwise eligible to receive severance payments under the Severance Agreements or the Davido Retention Agreement shall be required to execute a release of any and all claims against the Debtors prior to receiving any severance payments.

8. The authority to make the payments under the Retention and Severance Agreements is contingent upon the existence of adequate unencumbered funds to make such payments, and the directors, officers, employees, attorneys and agents of the Debtors shall have

3

40334-P001 v8 Final KERP Motion 8_24.doc

no personal liability on account of any determination by the Debtors not to make such payments or their inability to make such payments.

9. The payments due under the Retention and Severance Agreements shall be deemed an allowed administrative expense of the Debtors' estates under 11 U.S.C. § 503(b)(1)(A).

Dated: New York, New York
September 12, 2003

/S/ PRUDENCE CARTER BEATTY
Honorable Prudence Carter Beatty
UNITED STATES BANKRUPTCY JUDGE

40334-P001 v3 Final KERP Motion 8_24.doc